UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BOBBY JOE SAMPLES, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:05-CV-752RM |
| v. ) | |
| ) | |
| STEVEN EULER, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Bobby Joe Samples, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 and an application to proceed without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

>acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Samples alleges that his grandmother died in March, that his family called the prison in April to inform him of the death, but prison staff didn't tell him of the death. He learned of the death in a letter from his father in mid-May. He asked defendants Euler and Diemer if he could make a phone call home. He was allowed to make the telephone call on June 5. He alleges that his rights were violated because he wasn't notified of his grandmother's death in a timely manner, and that he was denied the opportunity to telephone his family immediately after learning of the death. He says he has suffered mental anguish as a result of the defendants' actions.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). The Eighth Amendment protects against too rigorous conditions of confinement. Mr. Samples' claim that the defendants' failed to notify him of his grandmothers death and then

didn't allow him to call home for two weeks states no Eighth Amendment claim upon which relief can be granted. *See* State Bank of St. Charles v. Camic, 712 F.2d 1140, 1145 n.2 (7th Cir. 1983). Moreover, because Mr. Samples alleges no actual physical injury from the defendants' actions, he may not seek damages for mental or emotional injury. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This claim must be dismissed.

Mr. Samples alleges that several of the defendants violated his rights when they didn't answer his request to make a phone call to his family. He alleges that he submitted request slips to Chaplain Diemer, Gary Brennan, Pam Bane and Ed Buss. These allegations do not state a claim. "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." Jones v. Brown, 300 F. Supp. 2nd 674, 679 (N.D. Ind. 2003).

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED:   November 29, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court